01
02
03
04
05

06                              UNITED STATES DISTRICT COURT
                                WESTERN DISTRICT OF WASHINGTON
07                                        AT SEATTLE

08  ROBERT DURALL,                          )   CASE NO. C06-1012-MJP-MAT
                                            )
09         Petitioner,                      )
                                            )
10  v.                                      )   ORDER DENYING PETITIONER'S
                                            )   APPLICATION FOR LEAVE TO
11  KENNETH QUINN,                          )   PROCEED *IN FORMA PAUPERIS*
                                            )
12         Respondent.                      )
    _____ )
13

14         Petitioner has submitted to this Court for review a petition for writ of habeas corpus under

15  28 U.S.C. § 2254. Petitioner has also submitted an application for leave to proceed with this

16  action *in forma pauperis* ("IFP application") and a motion for appointment of counsel.

17  Petitioner's IFP application, and accompanying documents, reveal that petitioner currently has a

18  spendable balance of over $1,600 in his prison trust account. These funds are more than adequate

19  to pay the $5 filing fee for the instant action. Petitioner appears to argue, however, that his IFP

20  application should nonetheless be granted because he currently has outstanding legal financial

21  obligations which far exceed his ability to pay, and because the instant action is likely to require

22  additional fees as the case progresses, including counsel fees. Petitioner notes that he has

ORDER DENYING PETITIONER'S APPLICATION
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
PAGE -1

previously been allowed to proceed *in forma pauperis* in state appellate court proceedings.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the *commencement* of an action, without the prepayment of fees, by a person who establishes that he is unable to pay such fees. Petitioner's documentation clearly establishes that he is financially able to pay the $5 filing fee to commence this action. Whether petitioner may be deemed financially eligible for appointment of counsel for purposes of 18 U.S.C. 3006A is a separate question, and one which need not be resolved at this time.

As noted above, petitioner has submitted a motion for appointment of counsel. There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A. At this juncture, the Court is not satisfied that the interests of justice are best served by appointment of counsel. If the Court later determines that an evidentiary hearing is required, or if petitioner later satisfies the Court that the interests of justice otherwise require the appointment of counsel, petitioner will be given an opportunity to establish that he is financially eligible for such an appointment.

Based upon the foregoing, the Court does hereby ORDER as follows:

(1) Petitioner's application to proceed *in forma pauperis* is DENIED. Petitioner is directed to pay the $5 filing fee within ***thirty (30) days*** of the date of this Order. If petitioner fails to timely pay the requisite fee, the action will be dismissed without prejudice.

  (2) Petitioner's motion for appointment of counsel is also DENIED.

  (3) The Clerk shall direct copies of this Order to petitioner and to the Honorable Mary Alice Theiler.

  DATED this 3rd day of August, 2006.

*[signature]*
Marsha J. Pechman
United States District Judge

Recommended for Entry
this <u>2nd</u> day of August, 2006.

<u>s/ Mary Alice Theiler</u>
United States Magistrate Judge

ORDER DENYING PETITIONER'S APPLICATION
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
PAGE -3